UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENISE FORD,

    Plaintiff,                                      Case No. 05-70121

v.                                              Honorable John Corbett O'Meara

ABN AMRO NORTH AMERICA, INC.,

    Defendant.
_____/

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This matter came before the court on the parties' October 3 and 4, 2005 cross-motions for judgment on the administrative record. Responses and reply briefs were filed, and the court heard oral argument December 1, 2005. Plaintiff filed proposed findings of fact and conclusions of law December 14, 2005; Defendant filed its proposed findings and conclusions December 16, 2005.

## FINDINGS OF FACT

1. In 2004, plaintiff Denise Ford was employed as a technician by defendant ABN AMRO.

2. As an employee, Plaintiff was entitled to certain benefits, including coverage under a disability policy issued by Defendant.

3. The disability contract included the following provisions:

> **REQUIRED DOCUMENATION**
> Proof of disability is required. The employee will be sent and is responsible for completing a medical release authorization. The employee's doctor will be required to provide medical documentation as it relates to the disability. During the disability period, continuation of benefits may be subject to a second opinion provided by a physician designated by Kemper. The employee's doctor may also be required to provide additional medical documentation to substantiate the continued disability.
>
> **STD BENEFITS AND ELIGIBILITY**

> To be eligible for short term disability, the disability must be deemed as such by the employee's physician and the disability management company.
>
> Administrative Record ("R") at 0001.

4. Following the death of her brother in 2003, Plaintiff began experiencing increased levels of stress and anxiety, as before his death her brother had provided substantial financial aid and emotional support to Plaintiff and her son, who suffers from schizophrenia.

5. Because of increased episodes of depression and panic attacks, Plaintiff began making frequent visits to her family doctor, Linda M. McKenzie, M.D.

6. Barbara Bergeski, a certified physician's assistant under the supervision of Dr. McKenzie, spent extended periods of time with Plaintiff discussing her emotional problems regarding her son and her deceased brother.

7. In early 2003, Dr. McKenzie diagnosed Plaintiff with a panic disorder and prescribed Zoloft.

8. By April 7, 2004, Plaintiff, overwhelmed by her circumstances, was unable to get out of bed in the morning.

9. Plaintiff did not report to work after April 7, 2004.

10. On April 10, 2004, Dr. McKenzie and Barbara Bergeski reported that Plaintiff's depressive condition was "intefer[ing] with her ability to perform her job duties" and that she should restart her treatment of Zoloft. R0093 and R0085.

11. In a report filed five days later, her treating physician and physician's assistant stated that Plaintiff "has been suffering from depression for years." R0083.

12. Plaintiff's doctor's diagnosis of "major depressive syndrome and panic anxiety disorder is based on the DSVM-IV criteria that are written at the American Psychiatric Association." R0093.

13. Plaintiff continued to see her physician every two to three weeks.

14. On May 17, 2004, Barbara Bergeski wrote, "[Plaintiff] wants to go to work, but she is not able to do anything," and "[s]he is fatigued all the time." R0085.

15. Following months of intensive therapy and treatment programs, Plaintiff was released by her physician to return to work in February 2005.

16. Plaintiff filed a claim for short-term disability benefits for the period of time she was unable to work.

17. Defendant denied Plaintiff's claim for disability benefits based on a single examination by Carol Van Dyke, a certified physician's assistant, on April 15, 2004.

18. Carol Van Dyke diagnosed Plaintiff with acute depression. The diagnosis was reported on a two-page standard medical form distributed by the Plan administrator. R0072-73.

19. Defendant, however, concluded that the information provided by Carol Van Dyke did not support the "intensity, severity, or duration" of Plaintiff's claim that "would preclude [her] from performing essential functions of [her] job as a Technician." R0074.

20. Defendant submitted Carol Van Dyke's notes to Dr. Elana Mendelssohn for her review.

21. Dr. Mendelssohn concluded that "the documentation submitted fails to provide objective data describing a psychological condition impacting [Plaintiff's] functioning to a degree that would preclude her from performing her own occupation." R0088.

22. Dr. Mendelssohn, however, never met or examined Plaintiff.

23. In making its decision to deny Plaintiff benefits, the Plan administrator afforded significantly more weight to the single examination by Carol Van Dyke than it did to the long standing patient-physician relationship between Plaintiff and her doctor and doctor's assistant.

24. Given the nature of Plaintiff's impairments, a single examination is insufficient to make a decision on denial of benefits.

## CONCLUSIONS OF LAW

1. "As a general principle of ERISA law, federal courts review a plan administrator's denial of benefits de novo, 'unless the benefit plan gives the plan administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan." McDonald v. Western-Southern Life Ins. Co., 347 F.3d 161, 1680169 (6th Cir. 2003) (quoting Wilkins v. Baptist Healthcare Sys., Inc., 150 F.3d 609, 613 (6th Cir. 1998)(citing Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989)).

2. "When a plan administrator has discretionary authority to determine benefits, we will review a decision to deny benefits under "the highly deferential arbitrary and capricious standard of review.'" Id. (quoting Yeager v. Reliance Standard Life Ins. Co., 88 F.3d 376, 380 (6th Cir. 1996)).

3

3.   In this case the court finds that the language of the benefits agreement gives the plan administrator discretionary authority to determine benefits; therefore, the court will review the decision to deny benefits under the arbitrary and capricious standard.

4.   Defendant's decision to deny Plaintiff's claim for short-term disability benefits was arbitrary and capricious, as the Plan administrator afforded too much weight to Dr. Elana Mendelssohn's review of Carol Van Dyke's single evaluation of Plaintiff on April 15, 2004, in light of all the notes taken by Plaintiff's treating physician and her assistant from their numerous medical examinations of Plaintiff spanning a significant period of time.

5.   The court therefore finds that Plaintiff is entitled to short term disability benefits. An order consistent with this finding will be submitted by Plaintiff.


          s/John Corbett O'Meara
          John Corbett O'Meara
          United States District Judge


Dated:  May 30, 2006